# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE CHAMBERS, #13495-030, | CIVIL ACTION NO. 3:18-cv-01009 |
| Plaintiff, | (MARIANI, J.) |
| v. | (SAPORITO, M.J.) |
| WARDEN DAVID J. EBBERT, et al., | |
| Defendants. | |

## **MEMORANDUM**

This is a *pro se* prisoner civil rights action. The plaintiff, Roscoe Chambers, asserts First Amendment, First Amendment retaliation, and Fifth Amendment due process claims against the defendants pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On October 11, 2018, the Court received and filed the plaintiff's *pro se* motion for summary judgment. (Doc. 30). On November 19, 2018, the defendants having not yet responded to the plaintiff's motion, we *sua sponte* granted the defendants an extension of time and expressly directed them to file a response to the motion within 14 days. (Doc. 40).

On November 26, 2018—less than 14 days later—the Court

received and filed the plaintiff's *pro se* motion to enter default based on the defendants' failure to respond to his motion for summary judgment. (Doc. 41). On November 28, 2018, we denied the motion to enter default because the defendants' brief in opposition was not yet untimely in light of our prior order granting them an extension and expressly directing them to respond. (Doc. 42). On November 29, 2018, the defendants filed their brief in opposition to the plaintiff's motion for summary judgment. (Doc. 44). On December 10, 2018, the Court received and filed the plaintiff's *pro se* reply brief. (Doc. 45).

On December 18, 2018, the Court received and filed two documents from the *pro se* plaintiff: (a) a "Motion to Object to Magistrate Judge Saporito Order Doc # 42," which the Clerk has docketed as a motion for reconsideration (Doc. 46); and (b) a "Brief in Support of Chambers Motion to Object to Magistrate Judge Saporito Order Doc # 42" (Doc. 47).

### A. Construed as a motion for reconsideration

The plaintiff's *pro se* papers have been construed by the Clerk as a motion for reconsideration. A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp.*

*v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

Here, the plaintiff appears to rely on the third basis for reconsideration, arguing that it was clear error for us to deny his motion for entry of default. He appears to contend that, because he did not receive our order granting the defendants an extension and directing them to respond until December 13, 2018, it was legally ineffective at the time of his motion to enter default, and thus we erred in denying his motion. This argument is patently frivolous—there is simply no arguable basis for this contention in fact or law. As a factual matter, the record of this case makes it clear that the defendants were granted an extension

of time to respond to the motion for summary judgment and timely did so, making the entry of default inappropriate. As a legal matter, there is no authority whatsoever to support the plaintiff's position that a court order is not effective until he receives his service copy of it. Under the federal rules, the Clerk is required to promptly serve notice of the entry of an order. *See* Fed. R. Civ. P. 77(d). But this "[n]otification by the clerk is merely for the convenience of the litigants" and is itself without legal effect. *See* Fed. R. Civ. P. 77(d) advisory committee note (1946). Thus, we find no clear error in our prior ruling.

### B. Construed as a Rule 72(a) objection

Notwithstanding the Clerk's characterization of the plaintiff's *pro se* papers as a motion for reconsideration, we find that it is more properly construed as an objection to our Order of November 28, 2018, denying the plaintiff's motion to enter default. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [non-dispositive] order [of a magistrate judge] within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir.

2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). Because the docket does not reflect this construction of the *pro se* plaintiff's papers as an objection to our non-dispositive order, we will order the Clerk to re-docket it as an "Appeal of Magistrate Judge Decision to District Court" with respect to our Order denying his motion for entry of default.

### C. Construed as a motion for recusal

In addition, we find that the plaintiff's *pro se* papers may be liberally construed as a motion for recusal of the undersigned magistrate judge, which is properly before us in the first instance. *See generally Mala*, 704 F.3d at 244–46. In particular, the plaintiff's "Objection" (Doc. 46) states that he "did not consent to the magistrate judge to conduct any proceedings" and that our recusal is required due to an alleged personal bias against the plaintiff.

#### *1. Lack of consent to magistrate judge authority*

The Federal Magistrates Act permits magistrate judges to perform a variety of functions on behalf of a district court. *See generally* 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Under § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," except for certain types of dispositive order (*i.e.*, orders that would dispose of the case or certain claims for relief) expressly listed in § 636(b)(1)(A). *See Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 438 (3d Cir. 2005) ("The Magistrates Act authorizes district courts to appoint magistrate judges to consider pretrial matters without regard to the parties' consent."); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) ("[I]n general, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case."). The challenged order entered by the undersigned in this case concerns a non-dispositive pretrial matter—denial of the plaintiff's motion for entry of default against the defendants. Thus, the plaintiff's consent was not required.

Under § 636(b)(1)(B), a magistrate judge is authorized "to conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a matter, again without the consent of the parties. *See McArdle v. Verizon Commc'ns, Inc.*, 567 Fed. App'x 116, 118 n.5 (3d Cir. 2014); *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). With

respect to a magistrate judge's proposed findings and recommendations on dispositive matters, "[u]nless the district court accepts those findings and recommendations, they do not have the force of law." *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 Fed. App'x 194, 199 (3d Cir. 2012). After service of proposed findings and recommendations by a magistrate judge, a party may file written objections, which are considered *de novo* by the district judge in determining whether to accept or reject the magistrate judge's proposed findings and recommendations. *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Shell's Disposal*, 504 Fed. App'x at 199 (summarizing objection procedures). If the undersigned should address any dispositive matter in the future—*e.g.*, the dismissal of the action—it will be through a report and recommendation, not an order. In that case, the plaintiff's consent is also not required.

"Consent is relevant when a magistrate judge rules on a dispositive pretrial motion, conducts trial proceedings, or enters a final judgment in a case." *Shell's Disposal*, 504 Fed. App'x at 200 n.8. When parties provide consent, a magistrate judge is vested with plenary authority under § 636(c), permitting him or her "to conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

*See id.* at 199 n.7; *Reynaga v. Cammisa*, 971 F.2d 414, 416 n.2 (9th Cir. 1992); *see also* 28 U.S.C § 636(c)(3) (providing for direct appeal to the appropriate United States court of appeals from the judgment of a magistrate judge in a consent case). Here, the plaintiff has declined to consent to the exercise of plenary authority by a magistrate judge under § 636(c), so the undersigned lacks the authority to enter an order of dismissal. We have not done so. Instead, we have merely entered a non-dispositive pretrial order, pursuant to § 636(b)(1). Thus, the plaintiff's objection to the undersigned's participation in this case because he did not consent to it has no merit.

### 2. Alleged bias of the undersigned magistrate judge

The plaintiff also argues that the undersigned magistrate judge must be recused due to an alleged personal bias against the plaintiff.

Under 28 U.S.C. § 455(a), a magistrate judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(b), a magistrate judge is further required to disqualify himself where he "has

personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[1] Both of these statutory provisions require the existence of *extrajudicial* bias to mandate recusal or disqualification. *See Liteky v. United States*, 510 U.S. 540, 543–56 (1994); *Johnson v. Trueblood*, 629 F.2d 287, 290–91 (3d Cir. 1980); *Resident Advisory Bd. v. Rizzo*, 510 F. Supp. 793, 796–97 (E.D. Pa. 1981). "'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of proceedings." *Johnson*, 629 F.2d at 291; *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393–94 (M.D. Pa. 1958) (alleged bias must be personal and extrajudicial, not arising solely on the basis of court proceedings). "[A] party's displeasure with legal rulings does not form an adequate basis for recusal . . . ." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

---

[1] § 455(b) also lists several other grounds for disqualification (e.g., prior participation as counsel in the same matter before taking the bench) that have no bearing on this case.

The only ground for recusal or disqualification advanced by the plaintiff in his objection is an allegation that the undersigned magistrate judge failed to report alleged misconduct by defense counsel in this case to the United States Department of Justice's Office of Professional Responsibility.[2] No extrajudicial bias whatsoever is alleged. Thus, the plaintiff's motion for our recusal for personal bias has no merit.

An appropriate Order follows.

Dated: December 21, 2018

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[2] The nature of the alleged misconduct is unclear. The plaintiff suggests that defense counsel filed a motion to dismiss or for summary judgment without proper authorization to represent the individual defendants. We find nothing in the record before us to support this allegation of misconduct. The plaintiff has made a similar allegation in a separate, unrelated lawsuit. Perhaps he has conflated the two cases.