IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSCOE CHAMBERS, )
 )
    Plaintiff )
 )
vs. ) Case No. 3:18-cv-1009
 )
WARDEN DAVID J. EBBERT, et al., )
 )
    Defendants )

ORDER

AND NOW, this 5th day of September, 2019, in consideration of Defendants' Motion to Remove Plaintiff's In Forma Pauperis Status (Doc. No. 52) and brief in support thereof (Doc. No. 53), filed in the above-captioned matter on December 21, 2018, and in further consideration of Plaintiff's response thereto (Doc. No. 73), filed on July 2, 2019, and Defendants' reply (Doc. No. 74), filed on July 15, 2019,

IT IS HEREBY ORDERED that said motion is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's in forma pauperis status, conferred on June 25, 2018, is hereby REVOKED and that Plaintiff must pay the entire filing fee of $400.00 by **SEPTEMBER 25, 2019**. Failure to do so will result in the case being dismissed with prejudice for failure to prosecute without further warning.

Plaintiff Roscoe Chambers is serving a sentence of imprisonment of 360 months imposed by the United States District Court for the Southern District of Iowa. See United States v. Chambers, No. 3:12-cr-00071 (S.D. Iowa May 17, 2013), aff'd per curiam, 554 Fed. Appx. 539 (8th Cir. 2014), cert. denied, 135 S. Ct. 1018 (2015). At the time he filed the instant civil action with this court in the above-

1

captioned matter on May 11, 2018,[1] he was serving this sentence at USP Lewisburg, in Union County, Pennsylvania. He has since been reassigned to AUSP Thomson in Thomson, Illinois. He sought to proceed in forma pauperis ("IFP"), and his request was granted by Magistrate Judge Joseph F. Saporito, Jr. on June 25, 2018. After the filing of several motions by the parties, Defendants sought to revoke Plaintiff's IFP status on December 21, 2018, contending that he had three prior "strikes" under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA"), and that Plaintiff had failed to establish that he was under imminent danger of serious physical injury.

The parties do not dispute the fact that Plaintiff had three prior "strikes" under the PLRA – *i.e.*, actions brought by him while incarcerated that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Indeed, the record reflects that courts, as of the time he filed his complaint, had dismissed at least three matters Plaintiff had previously filed as frivolous or for failure to state a claim. See Chambers v. Conard et al., No. 4:13-cv-186 (S.D. Iowa May 16, 2013); Chambers v. Conard et al., 547 Fed. Appx. 807 (2013); Chambers v. Sarcone, No. 4:17-cv-0432, 2017 WL 8792712 (S.D. Iowa Dec. 12, 2017). Subsequently, Plaintiff has had an additional action dismissed as frivolous that he had filed in the Northern District of Illinois. See Chambers v. Schmidts, No. 18-C-50242 (N.D. Ill. Aug. 14, 2018). There is no question, then, that the PLRA's three-strike provision applies. The issue is whether the "imminent danger" exception to the PLRA applies as well.

Under the PLRA, a prisoner litigant may proceed IFP, even if he or she has amassed three or more strikes under the Act, if the prisoner can make a showing that he or she is under imminent danger of serious physical injury. Plaintiff contends that he was under imminent danger of serious physical injury

---

[1] The action was brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and seeks monetary and injunctive relief.

2

because of threats and false reports being made regarding him by personnel at USP Lewisburg. While Plaintiff now adds claims regarding the poisoning of his food and later unrelated threats, these alleged dangers significantly postdate the filing of the complaint in this case and therefore do not establish that danger was imminent at the time the complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).[2]

A prisoner litigant claiming to be in imminent danger of serious physical harm "must make specific and credible allegations to that effect." Ball v. Famiglio, 726 F.3d 448, 470 (3d Cir. 2013), *abrogated on other grounds by* Parker v. Montgomery Cty. Corr. Facility/Business Office Mgr., 870 F.3d 144, 150 n.9 (3d Cir. 2017) (internal quotations omitted). "Imminent dangers are those dangers which are about to occur at any moment or are impending." See Abdul-Akbar, 239 F.3d at 315. The danger alleged here simply does not meet these standards. In seeking IFP status, Plaintiff alleged that he previously had received a few vague threats of a sexual nature, that he had been subject to false reports, which he claims affected his good time credit, and that he had been denied contact with his family. (Doc. No. 8). The allegations regarding the threats are not only vague, they do not establish any impending danger but rather refer to discrete prior acts. The false reports and family contact allegations do not allege or involve any risk of serious physical harm. Plaintiff also averred that he feared for his life and safety and that the staff would kill him if they found out that he filed his action (Doc. No. 2), but this claim is very broad and vague, and Plaintiff does not try to substantiate his allegations in any way. Such vague and conclusory claims are insufficient to meet the imminent danger standard. See Ball, 726 F.3d at 468.

---

[2] The Court also notes that Plaintiff is no longer designated to or confined at USP Lewisburg. Accordingly, any ongoing claims of actions being taken against him by personnel at that facility would be moot in any event.

3

Accordingly, Plaintiff has not established that he is under imminent danger of serious physical injury, and therefore, he is not entitled to proceed IFP and must pay the applicable filing fee to pursue this action. If Plaintiff does not pay this fee, his case will be dismissed with prejudice for failure to prosecute.

Alan N. Bloch
United States District Judge

ecf:     Counsel of record

cc:     Roscoe Chambers, Reg. No. 13495-030
        AUSP Thomson
        U.S. Penitentiary
        P.O. Box 1002
        Thomson, IL, 61285